# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 5863 | **DATE** | 4/19/2004 |
| **CASE TITLE** | Kathleen F. Egebergh vs. Village of Mount Prospect, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants are ordered to submit, within fourteen days of the date of this Memorandum Opinion and Order, a revised bill of costs, as contemplated by Rule 54(d) and Local Rule 54.1. The revised bill of costs should contain only those items that are allowable expenses and an explanation of the reasonableness and necessity of those costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 204 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CW | courtroom deputy's initials | 2004 APR 19 PM 2: | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KATHLEEN F. EGEBERGH, individually )
and as Special Administratrix of )
the Estate of EDWARD J. )
FITZGIBBONS, Deceased, )
                                       )
      Plaintiff, )
                                       )
v. )   No. 96 C 5863
                                       )   Paul E. Plunkett, Senior Judge
VILLAGE OF MOUNT PROSPECT, )
COMMANDER DAVID NICHOLSON, )
individually and as agent of VILLAGE OF )
MOUNT PROSPECT, OFFICER JOSEPH )
BURDI, individually and as agent of )
VILLAGE OF MOUNT PROSPECT, )
                                       )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Defendants David Nicholson and Joseph Burdi prevailed at trial by obtaining a jury verdict in their favor. Defendants have submitted a bill of costs pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and 28 U.S.C. § 1920 seeking $18,760.47. Plaintiff Egebergh, as special administratrix of the estate of Edward Fitzgibbons, has filed an objection. Unfortunately, the Court cannot quantify the taxable costs because we cannot determine from defendants' submission whether their costs are reasonable. Thus, after defendants submit supplemental information in accordance with this Memorandum Opinion and Order, the Court will finalize the award of costs.

## Discussion

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party . . . ." Fed. R. Civ. P. 54(d)(1). Section 1920 specifies the costs that may be recovered under Rule 54(d): (1) fees of the clerk and marshal; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for "copies of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Before we award costs under Rule 54(d), we must determine that there is statutory authority for the costs sought to be recovered and that the costs are reasonable and necessary to the litigation. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). We make an independent review of the bill of costs.

## Defendants' Bill of Costs

Defendants seek the following fees in their bill of costs and have submitted a detailed itemization in support thereof:

| Fees for transcripts: | $ 13,514.70 |
| Fees for subpoena: | $760.00 |
| Fees for photocopying and postage: | $4,485.77 |

### 1. *Fees for Transcripts*

Fees for transcripts are authorized by section 1920, but

> the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript of deposition was filed unless some other rate was previously provided for by order of court. Except as otherwise ordered by the court, only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed.

N.D. Ill. L.R. 54.1(b) ("Local Rule"). The rate allowed for original deposition transcripts is $3.30 per page. *See* United States District Court, Northern District of Illinois Maximum Transcript Rates *at* http://10.205.15.104/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (Feb. 28, 2003) (using rates established by Judicial Conference). Allowed rates for copies are $0.83 per page for the first copy to each party and $0.55 per page for each additional copy to the same party. *Id.* Other rates have been established for daily, hourly and expedited transcripts. *Id.*

Defendants' supporting documentation for their transcript costs does not conform to what is contemplated by Local Rule 54.1 and the Judicial Conference. Several of the invoices submitted by defendants reflect charges in excess of the allowed rates. (See, e.g., Def.'s Ex. A invoice for transcript of David Nicholson deposition reflecting charge of $3.85 per page for an original transcript and invoice for transcript of Dr. Nicholas Vogelzang deposition reflecting charge of $2.10 for copy.) Charges above the allowable rates are not recoverable. Other invoices reflect a lump sum charge for the transcript -- there is no indication as to the number of pages obtained or the per page rate charged. (See, e.g., Def.'s Ex. A invoices for transcripts of Michael Bratta, Robert Patterson, Dorothy Cozzi, Ghassan Zalzaleh, M.D. depositions.)

In addition, some invoices reflect separate charges for items such as a word index, signature procurement, exhibit reproduction and delivery/shipping/handling. We note that most of these additional charges are not recoverable absent some showing that they were reasonable and necessary. *See Harkins v. Riverboat Servs. Inc.*, 2003 WL 22317776 (N.D. Ill. Oct. 8, 2003) (delivery, shipping and handling costs are ordinary business expenses and not recoverable; essential deposition exhibits may be recoverable); *Fait v. Hummel*, 2002 WL 31433424 (N.D. Ill. Oct. 30, 2002) (signature procurement costs may be recoverable if proven reasonable and necessary).

The documentation supporting defendants' transcript costs does not reflect costs that are actually recoverable. In order to recover their transcript costs, defendants must set out in a clear manner the costs recoverable under Local Rule 54.1 and explain briefly why the particular transcripts were necessary to the case.[1]

2. *Fees for Subpoena*

Egebergh objects to all of the trial subpoena fees sought by defendants. Some objections are based on the fact that Egebergh called certain of these individuals as plaintiff's witnesses; other objections stem from the fact that certain individuals never testified at trial. "Witness fees compensate[ ] witnesses for their availability and readiness to testify rather than actual testimony," so the fact that some of the witnesses for whom the trial subpoena fees are sought did not testify is not determinative of whether the fees are recoverable. *Movitz v. First Nat'l Bank*, 982 F. Supp. 571, 576 (N.D. Ill. 1997) (quoting *Haroco, Inc. v. American Nat'l Bank &Trust Co.*, 38 F.3d 1429, 1442 (7th Cir. 1994)). However, the witness who did not testify should have been subpoenaed to appear in good faith. *See Chicago Fire Fighters Union Local No. 2 v. City of Chicago*, 2001 WL 40800, at *4 (N.D. Ill. Jan. 16, 2001). Given the number of witnesses who appeared but did not testify, and Egebergh's suggestion that an agreement had been reached with respect to one of them, Michael Cole, we cannot determine if these fees are reasonable based solely on the list of witnesses provided by defendants.

---

[1] We also take note of the fact that no invoice was submitted for the transcript of Marvin Mengel, M.D. We will not award costs where supporting documentation is lacking altogether.

3. *Fees for Photocopying and Postage*

Egebergh objects to defendants' copying and postage costs. We agree that defendants have not shown that the costs are reasonable and necessary to the litigation. Defendants have categorized their costs by month incurred. For every month, the description reads: "photocopying at ten cents per page for the month; [month] 1997" and a total dollar amount is given. For example, June 1998's total photocopying charges are $23.30. A similar description appears periodically for "extraordinary postage".

We have no way of knowing if some of these charges relate to multiple copies of pleadings, correspondence or other documents, which are non-compensable as they are considered to be an attorney convenience. *See Haraco*, 38 F.3d at 1441. *See also Rizzo v. Mr. Coffee, Inc.*, 1996 WL 84235 (N.D. Ill. Feb. 26, 1996) (copies of court filings for personal use, extra copies of filed papers and correspondence and copies of cases are not recoverable). Without any means of ascertaining which copies were necessary to the litigation and which copies were for the convenience of the attorneys, we cannot grant recovery of the requested copying and postage costs. Defendants do not have to submit a list of every sheet of paper photocopied or sent by courier and justify each decision to do so, but we must have more of an explanation than what was provided to make a reasonableness determination. *See Rizzo*, 1996 WL 84235, at *4 (parties should provide "best breakdown of the copied material obtainable from its records") (internal quotation and citation omitted).

## Conclusion

Defendants are ordered to submit, within fourteen days of the date of this Memorandum Opinion and Order, a revised bill of costs, as contemplated by Rule 54(d) and Local Rule 54.1. The revised bill of costs should contain only those items that are allowable expenses and an explanation of the reasonableness and necessity of those costs.

**ENTER:**

UNITED STATES SENIOR DISTRICT JUDGE
PAUL E. PLUNKETT

DATED: **APR 1 9 2004**